PER CURIAM.
This is an appeal by one of the defendants, Manuel E. Sires, in a suit for declaratory judgment filed by State Fire & Casualty Company, arising from an automobile accident. Sires was insured by State Fire, with uninsured motorist coverage. The other party to the collision also carried insurance. However, the latter’s insurer became insolvent more than a year after the accident. The trial court held in favor of State Fire, against the claim of the plaintiff under its uninsured motorist clause. State Fire & Casualty company subsequently has been placed in receivership. The receiver obtained 'the right to appear in this appeal but has filed no brief on behalf of the appellee.
Of the four points presented in the brief of the appellant, three were abandoned at the argument and the sole contention urged was that the general five year statute of limitations for written (unsealed) contracts (§ 95.11 Fla.Stat, F.S.A.) should be held to entitle the plaintiff to recover notwithstanding the one year limitation which results from the provisions of § 627,0851(2) and (3), whereby a motor vehicle is considered uninsured when its insurer is unable to respond because of insolvency, but makes that provision applicable “only to accidents occurring during a policy period in which its insured’s uninsured motorist coverage is in effect where the liability insurer of the tort-feasor becomes insolvent within one year after such an accident.” On consideration of the brief and argument of the appellant, we find that contention to be without merit.
Affirmed.